# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE
# BANGOR DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| for the benefit and use of § | |
| NRG ENERGY SERVICES LLC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| SECURITY CONSTRUCTION SERVICES, § | |
| INC. and FEDERAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff United States of America for the benefit of NRG Energy Services LLC, hereby complains against Defendants Security Construction Services Inc. and Federal Insurance Company and alleges as follows:

## PARTIES

1. NRG Energy Services LLC ("Plaintiff") is a Delaware limited liability company.

2. Security Construction Services, Inc. ("SCS") is a Massachusetts corporation with its principal place of business at 59 Apsley Street, Hudson, Massachusetts 01749 and may be served through its registered agent, Janet B. Ceddia, at 70 Bow Street, Arlington, Massachusetts 02474 or wherever she may be found.

3. Defendant Federal Insurance Company ("Federal") is a New Jersey-based insurance company and may be served with process through its officer, Paul J. Krump, at 15 Mountain View Road, Warren, New Jersey 07059.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and the Miller Act, 40 U.S.C. § 3131 and § 3133, as well as under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1367 (supplemental jurisdiction). The amount in controversy exceeds $75,000.00.

5. Venue is proper because this is the district in which the contract was to be performed and executed. 40 U.S.C. § 3133(b)(3). Venue is also proper under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. The U.S. Navy awarded Contract No. N40085-11-D-0528 to SCS as principal. On or about August 3, 2011, Plaintiff and SCS entered into subcontract No. 811-0031.1 (the "Subcontract") to overhaul Engine No. 5 at the Navy's base in Cutler, Maine (the "Project").

7. SCS was the general contractor on the Project under its prime contract with the Navy. Plaintiff was SCS's first tier, direct subcontractor on the Project.

8. Under the Subcontract, Plaintiff was required to—and did—furnish all labor, materials, equipment, and all else required to complete work within the scope of the Subcontract.

9. The original Subcontract price was $1,096,683.62. During the course of the Project, SCS issued change orders that were incorporated into the Subcontract and resulted in a net increase in the Subcontract price of $188,606.91, bringing the adjusted Subcontract price to $1,285,290.53.

10. Plaintiff properly completed the Project on February 1, 2015. The Navy and SCS accepted the completed work without condition, claim, or setoff.

11. Despite Plaintiff's successful completion of the Project, SCS still owes Plaintiff $764,198.29 under the Subcontract plus applicable statutory interest.

12. Plaintiff submitted proper invoices to SCS for labor and materials to perform and complete the Project. After repeated written demands to SCS for payment, however, SCS has failed to pay the amount due.

13. Federal, as surety for SCS, issued payment bond No. 82289507 (the "Payment Bond"), binding itself for payments due and owing for labor and materials furnished and used by subcontractors of SCS in performing the work on the Project. The Payment Bond is in the amount of $1,900,000.00.

14. On October 27, 2015, Plaintiff submitted written notice to Federal as surety for SCS of Plaintiff's demand for payment under the Subcontract and Payment Bond. Despite that written notice, SCS has likewise failed to pay Plaintiff the amounts due.

## COUNT I
### Breach Of Contract

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 as if set forth in full herein.

16. The Subcontract is a valid and binding contract between Plaintiff and SCS pursuant to which SCS agreed to pay Plaintiff for labor and materials supplied to the Project.

17. Plaintiff has fully performed all of its obligations under the Subcontract.

18. SCS has breached the Subcontract by failing to pay Plaintiff for labor and materials supplied to the Project.

19. As a result of SCS's breach of the Subcontract, Plaintiff has incurred and continues to incur damages of at least $764,198.29.

20. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT II
### Quantum Meruit

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 as if set forth in full herein.

22. Plaintiff, at the request of, and with the consent and knowledge of SCS, furnished labor, services, materials, and equipment in connection with the Project.

23. Plaintiff had a reasonable expectation of payment, and SCS had a concurrent intention that it would pay the Plaintiff for work on the Project.

24. Plaintiff has demanded payment in full for its labor, services, materials, and equipment in connection with the Project, but SCS has not paid.

25. As a direct and consequential result, SCS has been unjustly enriched by Plaintiff's labor, services and materials, and Plaintiff has been damaged.

26. The reasonable value of the labor, services, materials, and equipment for which Plaintiff has not been paid is $764,198.29.

## COUNT III
### Violation of Maine's Prompt Payment Act, 10 M.R.S. § 1111 *et seq.*

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 as if set forth in full herein.

28. Plaintiff has performed its obligations under the Subcontract and is entitled to payment for the work performed.

29. Under 10 M.R.S. § 1111 *et seq.*, Plaintiff is entitled to payment in accordance with the Subcontract.

30. SCS has not paid Plaintiff in accordance with the terms of the Subcontract as required by 10 M.R.S. § 1111 *et seq.*

31. In addition to its right to payment in accordance with the terms of the Subcontract, Plaintiff is entitled to interest, penalties and attorneys' fees as provided for in 10 M.R.S. § 1111 *et seq.*

## COUNT IV
### Miller Act Payment Bond

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 as if set forth in full herein.

33. More than 90 days but less than one year has elapsed since Plaintiff last provided labor or materials on the Project.

34. Federal is obligated, pursuant to the Payment Bond, to pay Plaintiff for the labor, materials and services it furnished in the prosecution of work on the Project as a result of SCS's failure to pay for this work.

35. Despite demand, Federal has failed to fulfill its obligation under the Payment Bond to pay Plaintiff for the labor, materials and services furnished in the prosecution of the work provided for in the Subcontract and for which SCS has failed and refused to make direct payment.

36. Pursuant to the Miller Act, 40 U.S.C. § 3133, *et seq.*, Plaintiff is entitled to recover from Federal the amount owed to Plaintiff under its Payment Bond, interest, as well as the attorneys' fees and other expenses incurred in collecting the amount due.

## PRAYER FOR RELIEF

37. Plaintiff respectfully asks the Court to enter judgment in its favor awarding damages, pre-judgment interest, post-judgment interest, the penalty set forth in 10 M.R.S. § 1118, attorneys' fees and costs, and all other relief in equity or at law to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**LANGUET LAW, LLC**

*/s/ Jon A. Languet*
Jon A. Languet
State Bar No. 4236
P.O. Box 191
Belgrade Lakes, Maine 04918
Telephone: (207) 837-6155
Facsimile: (207) 837-6156
jlanguet@languetlaw.com

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

Adam Milasincic
(***pro hac vice admission pending***)
Texas Bar No. 24079001
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
amilasincic@azalaw.com

**ATTORNEYS FOR PLAINTIFF, NRG ENERGY SERVICES LLC**

4817-2918-4301, v. 1